J-A12020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHELSEA M. PACE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL J. RANALLI | |
| Appellant | No. 1786 EDA 2015 |

Appeal from the Order May 7, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): 15-80475

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 18, 2016**

Appellant, Michael J. Ranalli, appeals from the order granting appellee, Chelsea M. Pace, a final Protection From Abuse ("PFA")[1] order protecting her from Ranalli. Ranalli raises several arguments against the sufficiency of the evidence presented at the PFA hearing, as well as challenges to the PFA court's evidentiary ruling and the facial validity of 23 Pa.C.S.A. § 6102(a). After careful review, we vacate and remand.

The essential facts of this case are undisputed. Pace and Ranalli are parents of a minor child. During the relevant period of time, there was no court order governing the custody arrangements followed by the parties. It

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 23 Pa.C.S.A. §§ 6101-6122.

is undisputed that Pace had primary physical custody of the child, with Ranalli exercising partial physical custody, primarily on weekends.

On April 12, 2015, Ranalli and Pace had a disagreement over the informal custody arrangements. After the disagreement, neither Pace nor Ranalli's father ("Grandfather") could contact Ranalli. Grandfather contacted Pace and forwarded her texts that Ranalli had sent him in December 2014 and sometime in February or March 2015.

The December 2014 text read, "I want to drug Chelsea so she dies. I was seeing spots earlier when I was texting her. She literally makes me mentally sick." N.T., PFA Hearing, 5/7/15, at 12-13. Grandfather testified that the second text exchange occurred sometime in February or March 2015. *See id*., at 9. In this text message, Ranalli told Grandfather, "I promise if I am ordered to pay one more penny I will go to jail over her." *Id*., at 10. Furthermore, he texted, "She gives me murderious/suicidal [sic] thoughts. If she wins I am going to do something. This is horse she [sic]. Greedy peace [sic] of shit. I wish somebody would feed her rat poison or get cancer in her fucking vagina." Plaintiff's exhibit 1.

It is undisputed that Ranalli was referencing a March 2015 support hearing when he texted "If she wins…" PFA Hearing, 5/7/15, at 24-25. After the hearing, Ranalli's support obligation was increased. *See id*., at 25.

After Grandfather sent these texts to Pace, she responded, "Thank you, they will really help[.]" Plaintiff's exhibit 1. Pace subsequently filed the

instant PFA petition. After the PFA court entered the final PFA order, Ranalli filed this timely appeal.

Our standard of review of a protection from abuse order is as follows:

When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence.

*Miller on Behalf of Walker v. Walker*, 665 A.2d 1252, 1255 (Pa. Super. 1995) (citations omitted). This Court defers to the lower court's credibility determinations as to witness credibility. *See Raker v. Raker*, 847 A.2d 720, 724 (Pa. Super. 2004). "If a trial court erred in its application of the law, an appellate court will correct the error." *Viruet ex rel. Velaszquez v. Cancel*, 727 A.2d 591, 593 (Pa. Super. 1999) (citation omitted).

Ranalli raises several issues, but we need only address his third issue, concerning the PFA court's evidentiary ruling. "[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa. Super. 2012).

During the hearing, Pace presented evidence regarding the dispute that triggered Grandfather's transmission of the text messages to Pace. *See* N.T., PFA Hearing, 5/7/15, at 6-7. When Ranalli sought to explore the circumstances of this dispute further, the PFA court ruled that such circumstances were irrelevant. *See* N.T., PFA Hearing, 5/7/15, at 34. In

direct contrast, however, the PFA court based its decision that Pace was in "fear of imminent bodily injury"[2] in part upon the fact that "[Ranalli] had withheld custody of [the child], failed to abide by the informal custody arrangements that had been in place between [Pace and Ranalli], and had refused to disclose the location of [the child] to [Pace or Grandfather.]" PFA Court Opinion, 7/9/15, at 10.

Clearly, a court abuses its discretion if it relies on facts to reach its decision that it had previously deemed irrelevant. If the PFA court wishes to rely on the circumstances of the custody dispute to support its finding, it cannot preclude Ranalli from addressing those circumstances on relevancy grounds. On the other hand, if the PFA court is able to find that Pace suffered from a reasonable fear of imminent serious bodily injury in the absence of consideration of the custody dispute, then its relevancy ruling can stand.

In any event, we are constrained to vacate the final PFA order and remand for further proceedings in accordance with this memorandum.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

_____

[2] We note for clarification purposes that not only must the fear be imminent, it must also be reasonable. Thus, the PFA court must not only find that Pace had a subjective fear of imminent serious bodily injury, but also that such fear was also reasonable. **See** 23 Pa.C.S.A. § 6102(a), "Abuse."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2016